Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William P. Polito, J.), entered January 28, 2014. The order and judgment granted defendants’ motion for summary judgment dismissing the complaint.
It is hereby ordered that the order and judgment so appealed from is affirmed without costs.
Memorandum: Plaintiff, individually and as the administrator of the estate of his wife, Virginia R. Bennett (decedent), commenced this action pursuant to Public Health Law § 2801-d, alleging that decedent was deprived of certain rights and benefits derived from federal and state regulations while she was a patient in a nursing home operated by defendants. Supreme Court granted defendants’ motion for summary judgment dismissing the complaint, and plaintiff appeals.
Plaintiff contends that the motion should have been denied as untimely because it was made more than 120 days after the filing of the note of issue without a showing of good cause for the delay (see generally CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Plaintiff waived that contention, however, by expressly consenting to the timing of the mo *1429 tion before it was made (see Stephen v Brooklyn Pub. Lib., 120 AD3d 1221, 1221 [2014]; see generally Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [1978]).
While we agree with our dissenting colleague that the court was not required to accept the express stipulation of the parties to extend the 120-day deadline in CPLR 3212, we note that the court in fact did so in advance of the motion (cf. Coty v County of Clinton, 42 AD3d 612, 614 [2007]). Moreover, unlike our dissenting colleague, we do not view the timing requirements applicable to motions for summary judgment as a matter of public policy that may not be affirmatively waived by a party (see Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]).
With respect to the merits, we conclude that defendants established as a matter of law that they provided appropriate care and treatment to decedent and did not violate any of the various federal and state regulations identified by plaintiff as the bases for this action, and plaintiff failed to raise a triable issue of fact in opposition (see Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834 [2011]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
All concur except Whalen, J., who dissents and votes to reverse in accordance with the following memorandum.